# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| LUCKY L. CHARLESTON, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 2:14-cv-00259-JMS-WGH |
| L. LARIVA, Warden, | ) |
| Defendant. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.     Parties and Filing Fee**

Although this action was purportedly filed by multiple plaintiffs, no one signed the complaint. The complaint was written by Lucky Charleston and for the time being, he shall be treated as the sole plaintiff. The clerk shall **update the docket** to reflect these changes in the caption.

Mr. Charleston shall have **through September 29, 2014,** in which to either pay the $400.00 filing fee to the clerk of the court or demonstrate his financial inability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on August 22, 2014.

**II. Screening**

*Legal Standard*

Because Mr. Charleston is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h), the Court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a]

complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Mr. Charleston are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

*Allegations and Analysis*

The complaint alleges that Georgria Banks, an inmate at the F.C.I. in Terre Haute, Indiana ("FCI-TH") fell off a top bunk and other inmates called for help. It took 12-14 minutes for medical help to arrive. The complaint further alleges that the lack of an emergency intercom system in the Special Housing Unit amounts to deliberate indifference. The Warden of the FCI-TH is the sole defendant. The complaint does not contain a statement of relief sought.

The complaint must be **dismissed** for failure to state a claim upon which relief can be granted because Mr. Charleston alleges no deliberate indifference or physical harm to himself. As a non-attorney, he cannot represent anyone in federal court other than himself. In addition, his

allegations do not raise an inference of deliberate indifference to a known serious risk of substantial harm.

The complaint does not allege any facts from which it can be inferred that Warden Lariva personally participated in any wrongdoing. Any claim brought against the Warden based on his supervisory position alone is **dismissed** for failure to state a claim upon which relief can be granted. Without personal participation in wrongdoing, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010).

The dismissal of the complaint will not result in the dismissal of the action. While the Court does not anticipate the plaintiff can amend the complaint in a way that states a claim upon which relief can be granted, he shall be given an opportunity to try to do so. Any amended complaint **must be signed.**

### III.  Further Proceedings

As noted, the complaint as submitted fails to state any claim upon which relief can be granted against any defendant who personally participated in wrongdoing. The plaintiff shall have **through September 29, 2014**, in which to file an amended complaint, if he chooses to do so.

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," (b) the amended complaint shall comply with the requirement of

Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances, (c) the amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury, (d) the amended complaint shall not reassert claims that have been dismissed as a matter of law in this Entry, and (e) the amended complaint shall contain a clear statement of the relief which is sought. The complaint can only assert claims as to injury suffered by Mr. Charleston himself.

Any amended complaint must be signed and have the words "amended complaint" on the front page. It shall also have the proper case number, "2:14-cv-00259-JMS-WGH" on the front page. If no amended complaint is filed by the deadline, the action will be dismissed for failure to state a claim upon which relief can be granted.

Mr. Charleston reports that he is going to be transferred, but he has not reported a different address. He shall report his change of address within seven days of his transfer.

**IT IS SO ORDERED.**

Date: September 4, 2014

Distribution:

Lucky Charleston
13104-089
Terre Haute – FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**